IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| FDI CAPITAL, LLC | ) |
| PLAINTIFF, | ) |
| v. | ) Civil Action No. 1:22-cv-1012 |
| PETROGAS FIELD SERVICES, INC. | ) |
| AND | ) |
| GREYSON L. KIONDO | ) |
| AND | ) |
| VONNIE KIONDO | ) |
| DEFENDANTS. | ) |

## COMPLAINT

Plaintiff, FDI Capital, LLC ("FDI"), by counsel and for its Complaint against the Defendants states as follows:

### NATURE OF CASE

1. This case arises out of Defendants', Petrogas Field Services, Inc. ("Petrogas,"), Greyson Kiondo, and Vonnie Kiondo's ("the Kiondos"), breach of contract with FDI.

### PARTIES

2. FDI is a Delaware corporation with a principal place of business at 675 N. Washington Street, Suite 340, Alexandria, Virginia 22314.

3. FDI, a privately-owned business, is a non-bank specialty lender.

4. Defendant Petrogas is a Texas corporation with a principal place of business at 2200 Pennsylvania Avenue NW, Suite 400 East Tower, Washington, DC 20037, and another

1

principal place of business at 464 Haile Selassie Road, Ground Floor, Suite A2, Masaki, P.O. Box 76523, Dar es Salaam, Tanzania.

5. Petrogas provides services to clients both domestic and international, private and government, in the oil and gas industry.

6. Petrogas signed a Loan and Security Agreement ("Loan") with FDI. *See* Exhibit 1.

7. Defendant Greyson L. Kiondo is a co-founder, Chairman and CEO of Petrogas.

8. Defendant Greyson L. Kiondo entered into the loan agreement with FDI as CEO of Petrogas.

9. Defendant Greyson L. Kiondo signed a Guarantee Agreement ("Guarantee") with FDI, in which Greyson L. Kiondo as Guarantor provided a personal guaranty to the Loan. *See* Exhibit 2.

10. Defendant Vonnie Kiondo is a co-founder and Director of Petrogas.

11. Defendant Vonnie Kiondo signed the aforementioned Guarantee with FDI, in which Vonnie Kiondo as Guarantor provided a personal guaranty to the Loan. *See* Exhibit 2.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises under 28 U.S.C. § 1332(a) as there exists complete diversity of citizenship between the Plaintiff and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. This Court has supplemental subject matter jurisdiction over the state law and common law claims pursuant to 28 U.S.C. § 1367(a).

13. This court may exercise personal jurisdiction over Petrogas, Greyson Kiondo, and Vonnie Kiondo because both the Guarantee Agreement (*See* Exhibit 2) and the Loan and

Security Agreement (*See* Exhibit 1) forum selection clause provides for exclusive jurisdiction in the Commonwealth of Virginia. The United States Supreme Court and the Supreme Court of Virginia have ruled that forum selections clauses are generally controlling. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62 (2013); *RMBS Recovery Holdings, I, LLC v. HSBC Bank USA, N.A.*, 297 Va. 327, 340 (2019)).

14. Further, Virginia's long-arm statute grants the court authority to exercise personal jurisdiction over nonresident persons, such as the Kiondos, who directly, or through an agent, transact any business within the Commonwealth, so long as the cause of action arises from the non-resident's transaction of business. Va. Code § 8.01–328.1(A)(1).

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because each Defendant is subject to personal jurisdiction in this District as the contract was executed and breached in Virginia, and by signing a commercial lending contract with a Virginia entity, Defendants are conducting and transacting business in Virginia.

## FACTS

### DEFENDANT'S BREACH OF CONTRACT

16. On or about March 2, 2021, Greyson L. Kiondo and Vonnie Kiondo entered into a Guarantee Agreement with FDI. *See* Exhibit 2.

17. On or about March 4, 2021, Greyson L Kiondo, acting on behalf of Petrogas, entered into a Loan and Security Agreement with FDI. *See* Exhibit 1.

18. Plaintiff agreed to extend a line of credit to Petrogas in the amount of three hundred and fifty thousand dollars ($350,000.00).

19. Plaintiff extended this line of credit to Petrogas.

20. The Loan and Security Agreement requires payments on the first day of the month.

21. On or about September 17, 2021, the equipment financed by the line of credit was delivered to the customers.

22. Defendants have not made any payments to Plaintiff on the principal and did not make the interest payment for the month of October 2021 or any month since the interest payment for the month of December 2021.

23. Defendants have been in default since September 2021.

24. On or about January 2022, Defendants reported that they failed to pay the necessary premiums for the assigned EXIM Credit Export Insurance.

25. On or about January 6, 2022, Plaintiff sent Notice of Payment Demand and Reservation of Rights letter notifying Defendants of their intent to accelerate the loan under the terms of the Agreement. *See* Exhibit 3.

26. The agreement further provides that Defendant shall pay interest on the loan principal of the base rate as specified.

27. The agreement further provides that upon the occurrence of a default or in the event of a default, Defendant is responsible for an interest rate equal to the base rate plus one-quarter percent (1/4%) per month.

28. Total outstanding interest and fees as of August 31, 2022, is $97,432.28 and outstanding principal is $350,000.00.

29. The agreement further provides that all obligations and other amounts are owing upon occurrence of a default.

30. The agreement further provides that Plaintiff is entitled to attorneys' fees incurred by administration of the agreement.

## COUNT I
## Breach of Contract

31. FDI incorporates the allegations of Paragraphs 1 through 30 as if fully restated herein.

32. Defendant Greyson L. Kiondo, as an officer of Petrogas, entered into a Loan and Security Agreement with Plaintiff.

33. Petrogas is liable to FDI for the breach of contract.

34. Defendant Greyson L. Kiondo entered into a Guarantee Agreement with Plaintiff.

35. Defendant Vonnie Kiondo entered into a Guarantee Agreement with Plaintiff.

36. Defendant Greyson L. Kiondo and Defendant Vonnie Kiondo are personally liable to FDI for Petrogas' breach of contract.

37. Defendant Greyson L. Kiondo breached his obligations to Plaintiff by not making any payments to FDI.

38. Defendant Vonnie Kiondo breached her obligations to Plaintiff by not making any payments to FDI.

39. Plaintiff suffered direct damages as a result of this breach of contract.

40. Plaintiff has suffered damages in the amount to be determined at trial, but currently stands at $350,000.00 for the principal amount, interest in the amount of $97,432.28, and attorneys' and other administration fees.

## PRAYER FOR RELIEF

WHEREFORE, FDI Capital, LLC, respectfully requests that this Court enter judgment in its favor and against each of the Defendants and prays that this Court:

1. Award compensatory damages against Defendants Petrogas, Greyson L. Kiondo, and Vonnie Kiondo, jointly and severally, in the amount of $447,432.28 for breach of contract;

2. Award the costs of this action and reasonable attorneys' fees and expenses;

3. Award pre-judgment and post-judgment interest;

4. Grant such other and further relief as the Court should deem just.

## JURY DEMAND

FDI Capital, LLC, hereby demands a trial by jury on all issues for which a trial by jury may be had.

Dated: September 7, 2022

Respectfully submitted,
FDI Capital, LLC

By: _____
Milton C. Johns, VSB No. 42305
Executive Law Partners PLLC
11130 Fairfax Blvd., Suite 303
Fairfax, VA 22030
(571) 500-1010
(571) 408-8102 - facsimile
mjohns@xlppllc.com