# EXHIBIT 2

# GUARANTEE AGREEMENT

This guarantee agreement (this "Guarantee Agreement") is dated as of 2 March 2021 by each of the Persons listed as a "Guarantor" on the signature pages hereto (each such Person, individually, a "Guarantor" and, collectively, the "Guarantors") in favor of FDI Capital, LLC a Virginia limited liability company ("Lender").

## RECITALS

A.     Lender has entered into a Loan and Security Agreement, dated as of 2 March 2021 (as amended, supplemented or otherwise modified from time to time, the "Loan Agreement") with Petrogas Field Services, Inc., a Texas corporation ("Petrogas"), which is the Borrower under the Loan Agreement.

B.     Lender has agreed to provide Loan Facility to Borrower and to make Advances to Borrower pursuant to, and upon the terms and subject to the conditions expressly specified in, the Loan Agreement. Each Guarantor acknowledges that she or he is an integral part of the business of Borrower and that she or he will derive substantial direct and indirect benefits from the Loan Facility and from Advances provided by Lender under the Loan Agreement.

C.     The obligation of Lender to provide the Loan Facility and to make Advances is conditioned on, among other things, the execution and delivery by Guarantors of a guarantee agreement in the form hereof. As consideration therefor and in order to induce Lender to provide the Loan Facility and to make Advances, Guarantors desire to execute this Guarantee Agreement.

D.     Capitalized terms used in this Guarantee Agreement but not defined herein will have the meanings assigned to such terms in the Loan Agreement.

**NOW, THEREFORE**, in consideration of the recitals above and the mutual promises and covenants set forth herein and for other good and valuable consideration, the receipt, sufficiency and adequacy of which are hereby acknowledged, and intending to be legally bound hereby, the parties hereto agree as follows:

1.     Guarantee. Each Guarantor fully, unconditionally and irrevocably guarantees, jointly with the other Guarantors and severally, as a primary obligor and not merely as a surety, to Lender and its successors, indorsees, transferees and assigns, the due and punctual payment (whether at the stated maturity, by required prepayment, by acceleration or otherwise) of all Obligations, including all such Obligations which will become due but for the operation of the United States Bankruptcy Code, as amended (the "Bankruptcy Code") (collectively, the "Guaranteed Obligations). Each Guarantor agrees that it is jointly and severally, directly and primarily liable (subject to the operation of the Bankruptcy Code) for the Guaranteed Obligations. Each Guarantor further agrees that the Guaranteed Obligations may be extended or renewed, in whole or in part, without notice to or further assent from it, and that it will remain bound under this Guarantee Agreement notwithstanding any extension or renewal of any Guaranteed Obligation.

2|lc

2.      **Guaranteed Obligations Not Waived or Affected**. To the fullest extent permitted by applicable law, each Guarantor expressly waives presentment to, demand of payment from and protest to Lender of any of the Guaranteed Obligations and also waives notice of acceptance of the Guarantee hereunder, notice of protest for nonpayment and all other notices of any kind. To the fullest extent permitted by applicable law, the obligations of each Guarantor hereunder will not be affected by (a) the failure of Lender to assert any claim or demand or to enforce or exercise any right or remedy against any Borrower under the provisions of the Loan Agreement, any other Loan Document or otherwise or against any other party with respect to any of the Guaranteed Obligations, (b) any rescission, waiver, amendment or modification of (including, without limitation, any extension, renewal or restructuring of, any acceptance of late or partial payments under, or any change in the amount of borrowings), or any release from, any of the terms or provisions of this Guarantee Agreement, the Loan Agreement, or any other Loan Document or any other agreement with respect to any Borrower or with respect to the Guaranteed Obligations, (c) the failure to perfect any security interest in, or the release of, any of the security held by or on behalf of Lender (including, but not limited to, lapse in perfection impairment of any security for any of the Guaranteed Obligations), (d) any lack of legality, validity or enforceability of the Loan Agreement or any other Loan Document, or any other agreement or instrument creating, providing security for, or otherwise relating to any of the Guaranteed Obligations, (e) any existence, addition, modification, termination, reduction or impairment of value, or release of any other guaranty (or security therefor), of the Guaranteed Obligations or (f) the lack of legal existence of any Borrower or legal obligation to discharge any of the Guaranteed Obligations by any Borrower for any reason whatsoever, including, without limitation, in any insolvency, bankruptcy or reorganization of any Borrower.

3.      **Absolute Guarantee**. It is the express purpose and intent of the parties hereto that this Guarantee Agreement and the Guaranteed Obligations hereunder will be absolute and unconditional under any and all circumstances and will not be discharged except by payment and performance as provided herein.

4.      **Guarantee of Payment**. Each Guarantor further agrees that the guarantee hereunder constitutes a guarantee of payment when due of all Guaranteed Obligations and not of collection, and waives any right to require that any resort be made by Lender to any of the Collateral or other security held for payment of the Guaranteed Obligations or to any balance of any deposit account or credit on the books of Lender in favor of any Borrower or any other Person or to any other guarantor of all or part of the Guaranteed Obligations. Any payment required to be made by the Guarantors hereunder may be required by Lender on any number of occasions and will be payable to Lender in the manner provided in the Loan Agreement.

5.      **Indemnification**. Each Guarantor, jointly with the other Guarantors and severally, agrees to be bound by the terms and conditions of Section 10 of the Loan Agreement as if it was a signatory thereto and will indemnify and hold harmless the Indemnitees to the same extent that the Borrower is required to do so pursuant to Section 10 of the Loan Agreement.

6. **No Discharge or Diminishment of Guarantee**. The obligations of each Guarantor hereunder will not be subject to any reduction, limitation, impairment or termination for any reason (other than the payment in full in cash of the Guaranteed Obligations), including any claim of waiver, release, surrender, alteration or compromise of any of the Guaranteed Obligations, and will not be subject to any defense or set-off, counterclaim, recoupment or termination whatsoever by reason of the invalidity, illegality or unenforceability of the Guaranteed Obligations or otherwise. Without limiting the generality of the foregoing, the Guaranteed Obligations of each Guarantor hereunder will not be discharged or impaired or otherwise affected by the failure of Lender to assert any claim or demand or to enforce any remedy under this Guarantee Agreement, the Loan Agreement, any other Loan Document or any other agreement, by any waiver or modification of any provision of any thereof, by any default, failure or delay, willful or otherwise, in the performance of the Guaranteed Obligations, or by any other act or omission that may or might in any manner or to any extent vary the risk of any Guarantor or that would otherwise operate as a discharge of any Guarantor as a matter of law or equity (other than the payment in full in cash of the Guaranteed Obligations).

7. **Defenses Waived**.

(a) To the fullest extent permitted by applicable law, each of the Guarantors waives any defense based on or arising out of any defense of any Borrower or the unenforceability of the Guaranteed Obligations or any part thereof from any cause, or the cessation from any cause of the liability of any Borrower, other than the payment in full in cash of all the Guaranteed Obligations. To the fullest extent permitted by applicable law, each Guarantor further waives any defense based on amendment or waiver of any Guaranteed Obligation, non-perfection or release of Collateral or any law or regulation of any jurisdiction or any other event affecting any term of a Guaranteed Obligation. Each Guarantor hereby acknowledges that Lender may foreclose on any Collateral by one or more judicial or nonjudicial sales, accept an assignment of any such Collateral in lieu of foreclosure, compromise or adjust any part of the Guaranteed Obligations, make any other accommodation with any Borrower or exercise any other right or remedy available against any Borrower without affecting or impairing in any way the liability of any Guarantor hereunder, except to the extent that all the Guaranteed Obligations have been paid in full in cash. Pursuant to and to the extent permitted by applicable law, each of the Guarantors waives any defense arising out of any such election and waives any benefit of and right to participate in any such foreclosure action, even though such election operates, pursuant to applicable law, to impair or to extinguish any right of reimbursement or subrogation or other right or remedy of such Guarantor against any Borrower. Each Guarantor agrees that it will not assert any claim in competition with Lender in respect of any payment made hereunder in any bankruptcy, insolvency, reorganization, or any other proceeding.

(b) Each Guarantor hereby agrees that payment by such Guarantor of Guaranteed Obligations under this Guarantee Agreement may be enforced by Lender upon demand by Lender to such Guarantor without Lender being required (such Guarantor expressly waiving to the extent permitted by law any right it may have) (i) to prosecute collection or seek to enforce or resort to any remedies against the Borrower or

any other Guarantor or any other possible guarantor of the Guaranteed Obligations, or (ii) to seek to enforce or resort to any remedies with respect to any security interests, Liens or encumbrances granted to Lender by Borrower, any other Guarantor or any other Person on account of the Guaranteed Obligations or any guaranty thereof.

(c) **EACH GUARANTOR EXPRESSLY UNDERSTANDS, ACKNOWLEDGES AND AGREES THAT DEMAND UNDER THIS GUARANTEE AGREEMENT MAY BE MADE BY LENDER AS OF THE FIRST DATE OF ANY EVENT OF DEFAULT AND SO LONG AS ANY EVENT OF DEFAULT IS CONTINUING UNDER THE LOAN AGREEMENT.**

8. <u>Agreement to Pay</u>. In furtherance of this Guarantee Agreement and not in limitation of any other right that Lender has at law or in equity against any Guarantor by virtue hereof, upon the failure of any Borrower to pay any Guaranteed Obligation when and as the same will become due, whether at maturity, by acceleration, after notice of prepayment or otherwise, each Guarantor hereby promises to and will promptly pay or cause to be paid to Lender in cash the amount of such unpaid Guaranteed Obligations.

9. <u>Representations and Warranties</u>. Each Guarantor represents and warrants to Lender that, as of the date hereof, (i) it has the applicable power and authority to execute, deliver and perform the terms and provisions of this Guarantee Agreement and has taken all necessary corporate or other organizational action to authorize its execution, delivery and performance of this Guarantee Agreement, (ii) it has duly executed and delivered this Guarantee Agreement and, upon execution, this Guarantee Agreement constitutes such Guarantor's legal, valid and binding obligation enforceable in accordance with its terms, except to the extent that the enforceability hereof may be limited by applicable bankruptcy, insolvency, reorganization, moratorium or similar laws generally affecting creditors' rights, good faith and fair dealing and by equitable principles (regardless of whether enforcement is sought in equity or at law) and (iii) neither the execution, delivery or performance by such Guarantor of this Guarantee Agreement nor the consummation of the transactions contemplated herein will violate any provision of any applicable law applicable to such Guarantor.

10. <u>Limitation on Guarantee of Guaranteed Obligations</u>.

(a) In any action or proceeding with respect to any Guarantor involving any state corporate law, the Bankruptcy Code or any other state or federal bankruptcy, insolvency, reorganization or other law affecting the rights of creditors generally, if the obligations of such Guarantor under this Guarantee Agreement would otherwise be held or determined to be void, invalid or unenforceable, or subordinated to the claims of any other creditors on account of the amount of its liability under <u>Section 1</u>, then, notwithstanding any other provision hereof to the contrary, the amount of such liability will, without any further action by such Guarantor, Lender or any other Person be automatically limited and reduced to the highest amount which is valid and enforceable and not subordinated to the claims of other creditors as determined in such action or proceeding.

(b)     Each Guarantor, and by its acceptance of this Guarantee Agreement, Lender hereby confirms that it is the intention of all such Persons that this Guarantee Agreement and the Guaranteed Obligations of each Guarantor hereunder not constitute a fraudulent transfer or conveyance for purposes of the Bankruptcy Code, the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act, any other state or federal bankruptcy, insolvency, reorganization or other law affecting the rights of creditors generally or any other similar legislation to the extent applicable to this Guarantee Agreement and the Guaranteed Obligations of each Guarantor hereunder. To effectuate the foregoing intention, Lender and the Guarantors hereby irrevocably agree that the Guaranteed Obligations of each Guarantor under this Guarantee Agreement at any time will be limited to the maximum amount as will result in the Guaranteed Obligations of such Guarantor under this Guarantee Agreement not constituting a fraudulent transfer or conveyance (or similar legal concepts under applicable law) after giving full effect to the liability under this Guarantee Agreement.

11.     Information. Each of the Guarantors assumes all responsibility for being and keeping itself informed of each Borrower's financial condition and of all other circumstances bearing upon the risk of nonpayment of the Guaranteed Obligations and the nature, scope and extent of the risks that such Guarantor assumes and incurs hereunder, and agrees that Lender will have no duty to advise any of the Guarantors of information known to it regarding such circumstances or risks.

12.     Termination; Reinstatement. This Guarantee Agreement will automatically terminate when both (i) the Loan Facility has expired or been terminated and (ii) the Obligations (other than contingent indemnity obligations that are not due and payable) under the Loan Agreement have been paid in full; PROVIDED HOWEVER, that this Guarantee Agreement will continue to be effective or will be reinstated, as the case may be, if at any time payment or any part thereof of any Guaranteed Obligation is rescinded by any Borrower or Guarantor or any other Person or is otherwise restored by Lender upon the bankruptcy or reorganization of any Borrower, Guarantor or otherwise.

13.     Costs of Enforcement. Without limiting any of their obligations under the Loan Agreement or the other Loan Documents, and without duplication of any fees, expenses or indemnification provided for under the Loan Agreement and the other Loan Documents, each Guarantor, jointly with the other Guarantors and severally, agrees to pay all expenses of the Lender to the same extent that the Borrower is required to do so pursuant to the Loan Agreement.

14.     Further Assurances. Guarantors will do and perform, or cause to be done and performed, all such further acts and things, and shall execute and deliver all such other agreements, certificates, instruments and documents, as Lender may reasonably request in order to carry out the intent and accomplish the purposes of this Guarantee Agreement and the consummation of the transactions contemplated hereby.

15.     Binding Effect; Several Agreement; Assignments. The duties and obligations of the Guarantors described herein may not be delegated or transferred except as expressly agreed in writing by Lender. Whenever in this Guarantee Agreement any of

the parties hereto is referred to, such reference will be deemed to include the successors and permitted assigns of such party, and all covenants, promises and agreements by or on behalf of the Guarantors that are contained in this Guarantee Agreement will bind and inure to the benefit of each party hereto and their respective successors and permitted assigns. This Guarantee Agreement will be binding upon each of the Guarantors and their respective successors and permitted assigns, and will inure to the benefit of Lender and its successors and assigns. This Guarantee Agreement will be construed as a separate agreement with respect to each Guarantor and may be amended, modified, supplemented, waived or released with respect to any Guarantor without the approval of any other Guarantor and without affecting the obligations of any other Guarantor hereunder.

16. <u>Waivers; Amendment</u>.

(a)     No failure or delay of Lender in exercising any power or right hereunder will operate as a waiver thereof, nor will any single or partial exercise of any such right or power, or any abandonment or discontinuance of steps to enforce such a right or power, preclude any other or further exercise thereof or the exercise of any other right or power. The rights and remedies of Lender hereunder and under the Loan Agreement and the other Loan Documents are cumulative and are not exclusive of any rights or remedies that they would otherwise have. No waiver of any provision of this Guarantee Agreement or consent to any departure by any Guarantor therefrom will in any event be effective unless the same will be permitted by paragraph (b) below, and then such waiver or consent will be effective only in the specific instance and for the purpose for which given. No notice to or demand on any Guarantor will entitle any Guarantor or any Borrower to any other or further notice or demand in the same, similar or other circumstances.

(b)     Neither this Guarantee Agreement nor any provision hereof may be waived, amended or modified except pursuant to a written agreement entered into between the Guarantors and Lender expressly with respect to which such waiver, amendment or modification relates.

17.     <u>Right of Set-off</u>. In addition to any rights and remedies of Lender provided by law or contract, upon the occurrence and during the continuance of any Event of Default, Lender is authorized at any time and from time to time, to the fullest extent permitted by applicable law and without prior notice to any Guarantor—any such notice being waived by each Guarantor—and without notice to any other Person, to set off and apply any and all deposits (general or special, time or demand, provisional or final, in whatever currency) and other indebtedness at any time owing by Lender to or for the credit or the account of Guarantor against any and all Obligations owing to Lender hereunder or under any other Loan Document, now or hereafter existing, irrespective of whether or not Lender will have made any demand under this Guarantee Agreement or any other Loan Document, or whether such Obligations may be contingent or unmatured.

18. <u>Governing Law</u>.

*glk*

(a) THE VALIDITY OF THIS AGREEMENT, THE CONSTRUCTION, INTERPRETATION, AND ENFORCEMENT HEREOF, AND THE RIGHTS OF THE PARTIES HERETO WITH RESPECT TO ALL MATTERS ARISING HEREUNDER OR RELATED HERETO WILL BE DETERMINED UNDER, GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE COMMONWEALTH OF VIRGINIA.

(b) THE PARTIES AGREE THAT ALL ACTIONS OR PROCEEDINGS ARISING IN CONNECTION WITH THIS AGREEMENT WILL BE TRIED AND LITIGATED ONLY IN THE COMMONWEALTH OF VIRGINIA AND, TO THE EXTENT PERMITTED BY APPLICABLE LAW, FEDERAL COURTS, LOCATED IN ARLINGTON COUNTY, VIRGINIA; <u>PROVIDED</u>, <u>HOWEVER</u>, THAT ANY SUIT SEEKING ENFORCEMENT AGAINST ANY COLLATERAL OR OTHER PROPERTY MAY BE BROUGHT, AT LENDER'S OPTION, IN THE COURTS OF ANY JURISDICTION WHERE LENDER ELECTS TO BRING SUCH ACTION OR WHERE SUCH COLLATERAL OR OTHER PROPERTY MAY BE FOUND. EACH GUARANTOR WAIVES, TO THE MAXIMUM EXTENT PERMITTED UNDER APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO ASSERT THE DOCTRINE OF <u>FORUM NON CONVENIENS</u> OR TO OBJECT TO VENUE TO THE EXTENT A PROCEEDING IS BROUGHT IN ACCORDANCE WITH THIS SECTION.

(c) TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, EACH GUARANTOR WAIVES ITS RIGHTS TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF THIS GUARANTEE AGREEMENT OR ANY OF THE TRANSACTIONS CONTEMPLATED HEREIN, INCLUDING CONTRACT CLAIMS, TORT CLAIMS, BREACH OF DUTY CLAIMS, AND ALL OTHER COMMON LAW OR STATUTORY CLAIMS. EACH GUARANTOR REPRESENTS THAT IT HAS REVIEWED THIS WAIVER AND KNOWINGLY AND VOLUNTARILY WAIVES ITS JURY TRIAL RIGHTS FOLLOWING CONSULTATION WITH LEGAL COUNSEL. IN THE EVENT OF LITIGATION, A COPY OF THIS AGREEMENT MAY BE FILED TO SHOW EACH GUARANTOR'S WRITTEN CONSENT TO THESE PROVISIONS.

19. <u>Notices</u>. All communications and notices hereunder will be in writing and given as provided in <u>Section 13.5</u> of the Loan Agreement, provided that communications and notices to the Guarantors may be delivered to Borrower on behalf of each of the Guarantors.

20. <u>Survival of Agreement; Severability</u>.

(a) All covenants, agreements, indemnities, representations and warranties made by the Guarantors herein and in the certificates or other instruments delivered in connection with or pursuant to this Guarantee Agreement, the Loan Agreement or any other Loan Document will be considered to have been relied upon by Lender and will survive the execution and delivery of this Guarantee Agreement, the Loan Agreement and the other Loan Documents, regardless of any investigation made by Lender or on its behalf and, notwithstanding that Lender may have had notice or knowledge of any

Default or Event of Default or incorrect representation or warranty at the time any Advance is extended, and will continue in full force and effect until both (x) the Loan Facility has expired or been terminated and (y) the Guaranteed Obligations will have been paid in full. The provisions of this section and Sections 5, 12 and 13 hereof will survive and remain in full force and effect regardless of the repayment of the Guaranteed Obligations, the expiration or termination of the Loan Facility or the termination of this Guarantee Agreement or any provision hereof.

(b)  Any provision of this Guarantee Agreement held to be invalid, illegal or unenforceable in any jurisdiction will, as to such jurisdiction, be ineffective to the extent of such invalidity, illegality or unenforceability without affecting the validity, legality and enforceability of the remaining provisions hereof, and the invalidity of a particular provision in a particular jurisdiction will not invalidate such provision in any other jurisdiction.

21.  Copies and Facsimiles. This Guarantee Agreement and all documents that have been or may be furnished by Guarantors to Lender may be reproduced by Lender by any photographic, digital imaging or other process. Any such reproductions will be admissible in evidence as the original itself in any judicial or administrative proceeding (whether or not the original is in existence and whether or not such reproduction was made in the regular course of business).

22.  Counterparts. This Guarantee Agreement may be executed in counterparts, each of which will constitute an original but all of which when taken together will constitute a single contract. Delivery of an executed signature page to this Guarantee Agreement by electronic transmission will be as effective as delivery of a manually executed counterpart of this Guarantee Agreement.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the Guarantors have duly executed this Guarantee Agreement as of the day and year first above written.

**GUARANTOR**

By: _/s/ Greyson L. Kiondo_
Name: Greyson Kiondo

Current Address:
1 Grovepoint Ct
Potomac, MD 20854

**GUARANTOR**

By: _/s/ Vonnie Kiondo_
Name: Vonnie Kiondo

Current Address:
1 Grovepoint Ct
Potomac, MD 20854

**LENDER**

Agreed and accepted by:
**FDI CAPITAL, LLC**

By: _____
   Name:
   Title: