**EXHIBIT 3**



675 N Washington St. Suite 340, Alexandria, VA 22314, USA ◆ Tel: +1-703-752-5880 ◆ Fax: +1-703-752-7999 ◆ www.FDI.capital

January 6, 2022

*Via Overnight Courier and Email*

Mr. Greyson L. Kiondo
Chairman & CEO
Petrogas Field Services, Inc
2200 Pennsylvania Avenue NW
Suite 400 East Tower
Washington, DC 20037

Re: Notice of Payment Demand, and Reservation of Rights

Dear Greyson:

Reference is made to that (i) Loan and Security Agreement dated as of March 4, 2021 (as amended to date, the "Loan Agreement"), by and between Petrogas Field Services, Inc., a Texas corporation ("Borrower") and FDI Capital, LLC, a Delaware limited liability company ("Lender"), pursuant to which, among other things, Lender made certain credit accommodations available to Borrower, including a revolving line of credit in the maximum principal amount of Three Hundred Fifty Thousand Dollars ($350,000) (the "Loan Facility"). Capitalized terms used herein and not otherwise defined shall have the respective meanings assigned to such terms in the Loan Agreement.

Lender has previously provided formal notice to Borrower with a letter demanding interest payment, dated December 16, 2021 (the "Demand Letter"). By way of this letter, the Lender demanded a payment plan for the Overdue Interest (as defined in the Default Notice) beginning December 17, 2021. The Overdue Interest has not been paid to Lender.

This Notice shall constitute formal notice that the following Events of Default (each, an "Existing Event of Default") have occurred under:

Section 8.1 of the Loan Agreement for the Borrower's failure to pay when due and payable, all the principal and multiple interest fees due to the Lender beyond five Business Days. The Loan Agreement expired September 4, 2021, and the Lender is yet to receive the payments despite its consistent efforts to claim them in recent months.

Section 8.4 of the Loan Agreement where the Borrower expresses its inability to pay the debts as they generally mature. After receiving the demand letter, the Borrower explained that it is yet to receive its expected payments from its customer, therefore it is unable to pay the debt as it stands.

Section 8.10 of the Loan Agreement where there is a material impairment in Lender's sole determination regarding the prospect of the repayment of any portion of the Obligations. The deliveries were made over 90 days ago, and the payments have not been completed as promised. Furthermore, there has been no communication from the Buyer acknowledging receipt and intent to pay.

Accordingly, pursuant to Section 9.1(a) of the Loan Agreement, **Lender hereby exercises its right to accelerate the Obligations and declare the Obligations immediately due and payable in full.  Lender demands that on or before January 20, 2022, Borrower pay off the Obligations in full**, in an amount no less than $393,700.00, which consists of the following as of January 31, 2022:

| | |
|---|---:|
| Total principal: | $350,000.00 |
| Ordinary interest: | $34,216.13 |
| Default interest: | $4,277.02 |
| Late Fees: | $4,512.92 |
| **Total outstanding Obligations** | $398,287.50 |

Borrower's failure to timely pay the Obligations in full on or before January 31, 2022 will result in Lender taking such actions as are reasonable and/or necessary to protect Lender's interests in its collateral (including the commencement of legal proceedings).

Pursuant to Section 2.2 (b), in the Event of Default, the Advances and all Obligations will bear interest at a rate equal to the Base Rate plus one-quarter percent (1/4%) per month.  Lender will forgo the payment of the default interest if the full payment of principal, ordinary interest and late fees are paid by January 31, 2022.

Further, Lender (i) hereby declares the Loan Facility terminated, pursuant to section 9.1(b) of the Loan Agreement and (ii) demands Borrower hold all Inventory in trust for Lender, segregate such Inventory from all other property of Borrower or in Borrower possession and conspicuously label the Inventory as the property of Lender, pursuant to section 9.1(e) of the Loan Agreement.

Lender hereby reserves all of its rights, remedies, defenses and objections under the Loan Agreement, Borrower Agreement, and the other Loan Documents as to Borrower and any third party, at law or in equity.  Nothing herein (or any future course of conduct) is or shall be deemed a waiver, release or forgiveness of any such rights, remedies, defenses and objections, all of which are expressly preserved.  Time is of the essence.

There may be other defaults or Events of Default under the Loan Agreement that were not identified in this Notice.  Any such defaults or Events of Default are not intended to be and shall not be waived or excused by Lender, notwithstanding their lack of identification in this Notice.

As always, Lender welcomes the ongoing discussion with Borrower regarding the Events of Default identified.  However, please note that any present or future negotiations or discussions with Lender regarding the Loan Agreement, the other Loan Documents and any Events of Default

are not binding on Lender, unless and until an agreement in writing is signed by an authorized representative of Lender.

      If you have any questions regarding this Notice, please do not hesitate to contact the undersigned.

Sincerely,

_____
Name: Brady Edholm
Title:   Managing Director